**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GOODMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. CALDERON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:05-cv-00693-OWW-GSA (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

I.   **FINDINGS**

　　A.　　**Procedural History**

Kevin Goodman ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2005, Plaintiff filed his original complaint. (Doc. 1.) On October 2, 2006, the Court issued an order dismissing Plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for Plaintiff's use in filing an amended complaint. (Doc. 8.) Plaintiff filed an amended complaint on November 22, 2006. (Doc. 12.)

　　B.　　**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C.     Plaintiff's Amended Complaint

Plaintiff is currently released on parole.  Plaintiff was imprisoned at California Correctional Institution at Tehachapi, where the acts he complains of occurred.  Plaintiff names Defendants: Warden A. Calderon; Director of the California Department of Corrections J. Woodford; Correctional Sergeant B. Teesdale; and Correctional Officer Theophil.  Plaintiff seeks monetary damages.

Plaintiff alleges that on July 27, 2003, Plaintiff was brutally attacked by inmate Boyd, Plaintiff's cell mate, in his cell at Tehachapi.  Plaintiff states that inmate Boyd should not have been housed in the same cell as Plaintiff because Boyd is a mental health patient.

Plaintiff's amended complaint suffers from a number of deficiencies which now require dismissal with prejudice.

### D.     Plaintiff's Claims

#### 1.     *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the

> Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to link any factual allegations to any of the named defendants. Plaintiff thus fails to state a cognizable claim against any of the defendants.

### 2. *Safety- Failure to Protect*

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to

1  "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.
2  The deliberate indifference standard involves both an objective and a subjective prong.  First, the
3  alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834.  Second,
4  subjectively, the prison official must "know of and disregard an excessive risk to inmate health
5  or safety." Id. at 837.

6       Plaintiff's allegations are insufficient to give rise to any claims for relief against the
7  named defendants because he has failed to link any of the named defendants with specific
8  conduct which he alleges violated his constitutional rights.  Plaintiff's broad allegations of
9  negligence and deliberate indifference are not sufficient to put each defendant on notice of the act
10  or omissions which Plaintiff alleges violated his constitutional rights.  Plaintiff thus fails to assert
11  a cognizable claim against any of the defendants.

12  **II.    RECOMMENDATION**

13       The Court finds that Plaintiff has failed to state a claim against any of the named
14  defendants.  Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed
15  with prejudice.

16       These Findings and Recommendations will be submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

18       Within **thirty (30) days** after being served with these Findings and Recommendations,
19  Plaintiff may file written objections with the Court.  The document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
21  failure to file objections within the specified time may waive the right to appeal the District
22  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23
24
25
26     IT IS SO ORDERED.
27     Dated:   **October 2, 2008**               **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE
28